IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **WILLIAM MARTELL, individually and on behalf of all others similarly situated**,<br><br>     Plaintiff,<br><br>     v.<br><br>**GENERAL MOTORS LLC**,<br><br>     Defendant. | Case No. 3:20-cv-284-SI<br><br>**OPINION AND ORDER** |

Kim D. Stephens, TOUSLEY BRAIN STEPHENS PLLC, 1200 Fifth Avenue, Suite 1700, Seattle, WA 98101; Adam J. Levitt, John E. Tangren, and Daniel R. Ferri, DICELLO LEVITT GUTZLER LLC, Ten North Dearborn Street, Sixth Floor, Chicago, IL 60602; and W. Daniel "Dee" Miles III, H. Clay Barnett III, and J. Mitch Williams, BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES PC, 272 Commerce Street, Montgomery, AL 36104. Of Attorneys for Plaintiff and the Proposed Class.

Kathleen Taylor Sooy and April N. Ross, CROWELL & MORING LLP, 1001 Pennsylvania Avenue NW, Washington, DC 20004; and Jennifer L. Campbell and Stephanie C. Holmberg, SCHWABE, WILLIAMSON & WYATT PC, 1211 SW Fifth Avenue, Suite 1900, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff William Martell (Martell) brings this putative class action against Defendant General Motors LLC (GM). In his First Amended Complaint (FAC), Martell alleged violations of the Oregon Unlawful Trade Practices Act (UTPA), breach of express warranty, fraudulent

PAGE 1 – OPINION AND ORDER

concealment, and unjust enrichment. ECF 46. Martell seeks to represent a class of "[a]ll current and former owners or lessees of a Class vehicle (as defined herein) that was purchased in the State of Oregon." *Id.* ¶ 191.

Pending before the Court is a motion to intervene filed by Daniel Johnson (Johnson). ECF 62. Johnson is another Oregon purchaser of a GM vehicle. He seeks to intervene and pursue his own claims and those of the rest of the class. In his motion, Johnson asserts that Martell's health renders him unable to continue to pursue his claims and that Martell's exit from the case "threatens to leave the Oregon class of purchasers and lessees, who have had Martell pursuing their claims since 2017, without a representative." ECF 62 at 3. Johnson included with his motion a Complaint-in-Intervention. ECF 62-1. GM filed a response, opposing the motion to intervene.[1] For the reasons that follow, the Court denies the pending motion to intervene.

## STANDARDS

Rule 24(b)(1)(a)[2] of the Federal Rules of Civil Procedure provides that, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with

---

[1] Johnson did not request that the Court hold oral argument on his motion to intervene. Nor did Johnson file a reply in support of his motion.

[2] Both Johnson in his motion to intervene and GM in its response refer to Rule 24(b)(2) of the Federal Rules of Civil Procedure. That rule, however, provides for permissive intervention by a government officer or agency, and no governmental entity is involved in this case. Before 2007, Rule 24(b) governed permissive intervention in general, and Rule 24(b)(2) specifically allowed for permissive intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." With the 2007 amendments to the Federal Rules of Civil Procedure, the structure of the rule was changed, although the substance remained the same. *See* Fed. R. Civ. P. 24 advisory committee's note to 2007 amendment ("The language of Rule 24 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only."). The 2007 amendments changed Rule 24(b)(2) to provide for permissive intervention specifically by a government officer or agency, and Rule 24(b)(1) to provide for permissive intervention in general. In the current version of the rules, Rule 24(b)(1)(a) provides for permissive intervention by a person who "has a claim or defense that shares with the main action a common question of law or fact," as did the former Rule

the main action a common question of law or fact." Applicants for permissive intervention under Rule 24(b) must meet three threshold requirements: "(1) an independent ground for jurisdiction; (2) a timely motion; (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). Even if an applicant satisfies the threshold requirements, a court still has discretion to deny permissive intervention. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). In exercising this discretion, a court "must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Id.*; *see also* Fed. R. Civ. P. 24(b)(3).

## BACKGROUND

In 2011, Martell bought a 2011 Chevrolet Silverado equipped with a Generation IV 5.3 Liter V8 Vortec 5300 LC9 engine (the Subject Engine) from a Chevrolet dealership in The Dalles, Oregon (the Dealership). Martell's car was covered by GM's standard five-year express warranty. In 2015, Martell noticed that his vehicle was consuming excessive engine oil, and Martell began experiencing engine problems related to the excessive oil consumption. Martell then took his vehicle to the Dealership for service numerous times. Throughout 2015 and 2016, the Dealership repeatedly told Martell that his vehicle's oil consumption level was "normal."

---

24(b)(2). Many of the opinions commonly referenced for their analysis of permissive intervention in general were issued before those amendments, and thus cite to Rule 24(b)(2) for those discussions. *See, e.g.*, *Donnelly v. Glickman*, 159 F.3d 405, 411-12 (9th Cir. 1998) (quoting and applying the 1998 version of the rules, wherein Rule 24(b) still governed permissive intervention in general). Because no government officer or agency is involved in this case, and the parties only make permissive intervention arguments based on common questions of law and fact, the Court assumes that the parties intended to refer to Rule 24(b)(1)(a), rather than Rule 24(b)(2).

In late 2016, Martell's counsel investigated a suspected defect causing Martell's car to consume excess oil (the Oil Consumption Defect). In July 2017, the Dealership conducted an oil consumption test on Martell's car. Upon receiving the results of this test, which confirmed that the vehicle was using excessive oil, Martell joined a class action lawsuit in the Northern District of California (the *Sloan* Action) on August 31, 2017. *See Sloan v. General Motors LLC*, Case No. 3:16-cv-7244-EMC (N.D. Cal.). That court, however, dismissed Martell from the *Sloan* Action on February 11, 2020, concluding that under *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.,* 137 S. Ct. 1773 (2017), the Northern District of California lacked personal jurisdiction over GM regarding Martell's claims. *See Sloan v. Gen. Motors LLC*, 2020 WL 664033 (N.D. Cal. Feb. 11, 2020).[3]

Martell then filed this lawsuit on February 19, 2020, alleging that the Subject Engine is defectively designed and asserting claims of breach of express warranty, violation of the Magnuson Moss Warranty Act (MMWA), fraudulent omission, violation of the UTPA, and unjust enrichment. GM moved to dismiss, which the Court granted in part, with leave to amend. Martell filed his FAC on October 20, 2020, which reasserted claims based on the UTPA, breach of express warranty, fraudulent concealment, and unjust enrichment. GM again moved to dismiss, which the Court denied on May 7, 2021.

On July 14, 2021, Martell's counsel informed the Court, that Martell would no longer be able to participate as a party in the action due to a medical condition and moved for a temporary stay of all deadlines. ECF 59. The Court granted that motion. ECF 60. On September 15, 2021,

---

[3] After Martell's dismissal from the *Sloan* Action, the Northern District of California appointed Raul Siqueiros as the class representatives for the California class of consumers. *Sloan v. General Motors LLC*, 2020 WL 1955643 (April 23, 2020). Thus, the action now is captioned *Siqueiros v. General Motors, LLC*, and the parties in this case refer to it as *Siqueiros*.

the parties filed a Joint Status Report, ECF 61, and Johnson contemporaneously filed the pending Motion to Intervene, ECF 62. With his Motion to Intervene, Johnson filed a proposed Complaint-in-Intervention (CI). ECF 62-1. In the proposed CI, Johnson reasserts Martell's claims of a violation of the UTPA, fraudulent concealment, and unjust enrichment. *Id.* at ¶¶ 197-236. Johnson does not reassert claims based on the MMWA or breach of express warranty.

Johnson alleges in the proposed CI that he lives in Philomath, Oregon, ¶ 25, and purchased a 2013 GMC Sierra equipped with the Subject Engine on August 2, 2020, from Guaranty Chevrolet, Inc., in Junction City, Oregon, ¶ 26. Johnson alleges that, despite GM's knowledge of the defect, GM did not disclose the Oil Consumption defect before Johnson purchased the 2013 Sierra, and that Johnson would not have made the purchase at the price he paid had he known about the defect. *Id.* ¶¶ 29-31.

## DISCUSSION

GM first argues in its opposition to Johnson's Motion to Intervene that the motion is untimely and would prejudice GM. GM also appears to collapse two of Rule 24(b)'s three threshold considerations—whether the request is timely and whether Johnson and Martell share common questions of law and fact. GM argues that Martell's action has been pending for more than a year and a half, during which Martell amended his complaint, the Court decided two motions to dismiss, and discovery has been ongoing for several months. GM also argues that there are key factual differences between Johnson's circumstances as alleged in the proposed CI and Martell's circumstances, as alleged in the FAC, such that allowing Johnson to intervene would require the parties to engage in another round of motion to dismiss briefing and to engage in discovery on Johnson's "very different" factual allegations.

Essentially, GM contends that it would be prejudicial to grant the motion both because the parties have substantively engaged on the issues and because the issues presented by Johnson

are so different that he could not simply step into Martell's shoes. Specifically, GM states that Johnson purchased a used 2013 GMC Sierra in August 2020 after the express warranty had expired and that, when Johnson made his purchase, this case had been pending for six months and the related *Sloan/Siqueiros* case had been pending for nearly four years. Those facts, GM contends, create serious questions as to whether Johnson knew about the Oil Consumption Defect before his purchase, and those questions would undermine Johnson's ability to seek relief under any of the three claims he asserts in the proposed CI. According to GM, Johnson's 2020 purchase of a seven-year-old vehicle apparently without a warranty is factually different—and therefore gives rise to different legal questions—than Martell's 2011 purchase of a new vehicle under warranty.

The Court agrees that the factual and legal questions Johnson proposes to present are distinct from those asserted by Martell. Although Johnson did not assert claims for breach of express warranty or under the MMWA, he asserts in his proposed CI claims of an Oregon Unfair Trade Practices Act violation, unjust enrichment, and fraudulent concealment. The timing of Johnson's purchase, however, raises new issues regarding those claims that will require additional discovery. For example, as this Court described it its ruling on GM's most recent motion to dismiss, whether a plaintiff making a claim under the Oregon Unlawful Trade Practices Act is required to "show reliance on the alleged unlawful trade practice depends on the conduct involved and the loss allegedly caused by it." *Martell v. Gen. Motors LLC*, 2021 WL 1840759, at *5 (D. Or. May 7, 2021) (quotation marks omitted) (quoting *Pearson v. Philip Morris, Inc.*, 358 Or. 88, 127 (2015)). In evaluating GM's motion, the Court discussed GM's conduct between 2010 and 2014, specifically Martell's reliance on GM's allegedly knowingly inadequate instructions to their dealerships on how to fix the Oil Consumption Defect. *Martell*,

2021 WL 1840759, at *3-5. The conduct in question with respect to Johnson's purchase in 2020—alleged failure to disclose a defect that had been known to the public for several years and the subject of multiple lawsuits—is quite different than the conduct in question with respect to Martell's purchase in 2011—failure to disclose a defect allegedly known to the company, but not yet known to the public.

Similarly, the Court's ruling on GM's first motion to dismiss concluded that Martell's unjust enrichment claim depended on the interpretation of the applicable warranty. *Martell v. Gen. Motors LLC*, 492 F. Supp. 3d 1131, 1148 (D. Or. 2020). Johnson does not allege in his proposed CI any facts regarding his vehicle's warranty—either that it is currently under warranty or that it was subject to a warranty that has since expired.[4]

The Court need not decide at this time whether a plaintiff who purchased a product that was, at the time of purchasing, already the subject of long-standing, highly-publicized class actions may assert the same claims as a plaintiff who purchased the product long before any public awareness of the product's defects. Rather, the Court finds only that Johnson has not met the requirements imposed on applicants for intervention under Rule 24(b)(1)(B), based on the material differences in circumstances between Johnson and Martell in conjunction with the late stage of these proceedings. *See, e.g.*, *Donnelly*, 159 F.3d at 412 (finding that the district court did not abuse its discretion in denying permissive intervention where, because of "differences between the proposed intervenors and plaintiffs, allowing intervention would only serve to undermine the efficiency of the litigation process" (quotation marks omitted)).

---

[4] GM states in its opposition to the motion that the warranty would have expired by the time Johnson purchased the vehicle, citing paragraph 26 of Johnson's proposed CI. That paragraph, however, merely alleges when and from where Johnson purchased the vehicle and says nothing about a warranty or its duration. ECF 62-1, ¶ 26.

As a separate and independent basis to deny the Motion to Intervene, GM argues that the Portland Division of the District of Oregon is an inappropriate venue for Johnson's claims. Johnson alleges that he resides in Benton County and purchased his vehicle in Lane County, both of which are located within the Eugene Division, and so GM argues that the Eugene Division is the appropriate venue for Johnson's claims. Because the Court concludes that the motion should be denied on the grounds previously stated, the Court does not reach GM's venue argument.

## CONCLUSION

The Court **DENIES** the pending Motion to Intervene (ECF 62).

**IT IS SO ORDERED**.

DATED this 29th day of November, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge